**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LANCE MCDERMOTT,
              Appellant,

        v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
SF-3330-15-0432-I-2

DATE: September 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lance McDermott, Seattle, Washington, pro se.

Steven B. Schwartzman, Seattle, Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is a Maintenance Mechanic. *McDermott v. U.S. Postal Service* (*McDermott I*), MSPB Docket No. SF-0752-13-0633-I-1, Initial Appeal File (0633 IAF), Tab 2 at 1, Tab 21 at 10-13. Among other things, the physical requirements of that position include the ability to distinguish colors. 0633 IAF, Tab 21 at 13. In February 2013, the agency requested that the appellant submit medical documentation relating to his vision after he claimed he was unable to differentiate colors. *Id*. at 14. Subsequently, the appellant provided medical documentation from an optometrist, indicating that he "exhibits red green colorblindness." *Id*. at 15.

¶3 The agency attempted to engage the appellant in the reasonable accommodation process, expressing concern that his inability to distinguish colors could pose a safety hazard, but the appellant did not respond. *Id*. at 17−18, 20. In May 2013, the agency proposed placing him on enforced leave, indicating that it was "unable to determine that [he] can work safely due to [his] color blindness and repeated attempts to engage [him] have been unsuccessful." *Id*. at 20-21. The proposal again informed the appellant that he could request light duty or reasonable accommodation. *Id*. at 20. After the appellant failed to

respond within the time provided for doing so, the agency issued a decision placing the appellant on enforced leave. *Id*. at 22-24. The decision letter noted that the action was a result of the appellant's refusal to interact with management concerning his vision and that he still could request light duty or reasonable accommodation. *Id*. at 22.

¶4 In July 2013, the appellant filed a Board appeal, *McDermott I*, challenging his placement on enforced leave. 0633 IAF, Tab 2. While that appeal was pending, the appellant filed a second appeal alleging violations of the Veterans Employment Opportunities Act of 1998 (VEOA) and USERRA. *McDermott v. U.S. Postal Service* (*McDermott II*), MSPB Docket No. SF-0330-15-0432-I-1, Initial Appeal File (0432 IAF), Tabs 1, 20. In *McDermott II*, he alleged, inter alia, that the agency violated USERRA when it: (1) failed to recognize his veteran's preference status; and (2) placed him in enforced leave status. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0330-15-0432-I-2, Appeal File (0432 AF), Tab 22 at 2.

¶5 The administrative judge affirmed the agency's action in *McDermott I*, as modified to adjust the start date of the appellant's enforced leave, but we remanded the matter for further adjudication of the appellant's affirmative defenses. 0633 IAF, Tab 52, Initial Decision (0633 ID); *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Remand Order (0633 RO) (Oct. 13, 2015). Thereafter, the administrative judge dismissed *McDermott II*, without prejudice and without objection, in order to schedule a single hearing for it and *McDermott I*. 0432 IAF, Tab 23.

¶6 After holding the single hearing, the administrative judge issued a remand initial decision for *McDermott I*, again affirming the appellant's placement on enforced leave, as modified. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF‑0752‑13‑0633‑B‑1, Remand File (0633 RF), Tab 36, Remand Initial

Decision (0633 RID).[2]  For *McDermott II*, the administrative judge terminated the VEOA claim, pursuant to 5 U.S.C. § 3330b(a), because the appellant elected to instead pursue the matter in district court.  0432 AF, Tabs 24, 25.  For the remaining USERRA claim, the administrative judge denied the request for corrective action.  0432 AF, Tab 27, Initial Decision (0432 ID).

¶7        The appellant has filed a petition for review of *McDermott II*.  *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0330-15-0432-I-2, Petition for Review (0432 PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  0432 PFR File, Tabs 3-4.

¶8        As an initial matter, we note that the appellant appears to argue that the administrative judge erred in terminating only his VEOA claim because he also intended to pursue his USERRA claim in district court.  0432 PFR File, Tab 1 at 4-5.  However, the appellant's termination request cited 5 U.S.C. § 3330b, which applies to VEOA claims only, not USERRA claims.  0432 AF, Tab 24.  Moreover, as a Postal Service employee, the appellant is limited to pursuing a USERRA claim with the Board; a district court would not have jurisdiction over the claim.  38 U.S.C. § 4324; *Eberhart v. U.S. Postal Service*, 88 M.S.P.R. 398, ¶ 4 (2001).

¶9        Next, we note that the appellant's petition for review contains a number of arguments that implicate *McDermott I* and are outside the scope of the instant action in *McDermott II*.  For example, the appellant presents arguments concerning the administrative judge's April 2015 *McDermott I* decision, but we previously vacated that decision.  0432 PFR File, Tab 1 at 5-7; *see* 0633 RO.  He also presents a number of arguments that appear to implicate the administrative judge's remand initial decision in *McDermott I*, but that decision became final months before the instant petition for review.  0432 PFR File, Tab 1 at 7-25;

---

[2] Because the appellant did not file a petition for review of the remand initial decision in *McDermott I*, that decision became final on March 18, 2016.  *See* 0633 RID at 18.

*see* 0633 RID at 18. Accordingly, this decision is limited to the appellant's USERRA claims in *McDermott II*.

¶10 In terms of the USERRA discrimination matter that remains, to prevail on the merits, an appellant must prove by preponderant evidence that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him employment, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service, i.e., that the appellant's uniformed service was a "substantial or motivating factor" in the agency's action. 38 U.S.C. § 4311; *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). An appellant may meet his burden by using direct or circumstantial evidence. *Sheehan*, 240 F.3d at 1014. If an appellant meets his burden, the burden shifts to the agency to prove that it took its action solely for "legitimate reasons." *Id*.

¶11 The administrative judge applied the aforementioned standard, finding that the appellant's USERRA claim failed because, inter alia, he did not prove that his military status was a substantial or motivating factor in any action. 0432 ID at 12-18. We agree.

¶12 To the extent that the appellant alleged a USERRA violation stemming from the modification of his preference-eligible status, the record did establish that a Human Resources Specialist erroneously modified the appellant's status from preference eligible to nonpreference eligible in 2006.[3] *See, e.g*., 0432 IAF, Tab 6 at 25-26. However, the administrative judge found that there was no evidence that the 2006 modification was anything other than a clerical error. 0432 ID at 13. Among other things, she noted that there was no evidence the Human Resources Specialist responsible for the error was aware of the appellant's qualifying military service, nor was there any evidence that anyone in the

---

[3] The parties first discovered the error after the appellant filed his initial appeals, and the agency has since corrected the matter. *E.g*., 0432 IAF, Tab 12 at 5.

appellant's chain of command had anything to do with reviewing or denying his eligibility for preference-eligible status. 0432 ID at 13-14.

¶13 To the extent that the appellant alleged a USERRA violation stemming from his placement on enforced leave, the administrative judge similarly found no evidence to support the appellant's claim. 0432 ID at 14-18. Among other things, she determined that the agency referred the appellant to the District Reasonable Accommodation Committee (DRAC) and later took the enforced leave action, not because of his military service, but because of his failure to cooperate with the agency's efforts to address his colorblindness and ability to perform his duties. 0432 ID at 14-18.

¶14 On review, the appellant reasserts that management officials were aware of his prior military service. 0432 PFR File, Tab 1 at 25-28. However, this knowledge, alone, does not create an inference of discriminatory motivation. *Cf. Sheehan*, 240 F.3d at 1014 (recognizing that "[d]iscriminatory motivation under USERRA may be reasonably inferred" from such circumstantial evidence as temporal proximity between the appellant's military activity and the adverse employment action, "inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the [individual's] military activity, and disparate treatment of certain [individuals] compared to other [individuals] with similar work records or offenses"). Accordingly, we agree with the administrative judge; the appellant's USERRA claim fails because he did not meet his initial burden of proof.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.